UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WINTHROP RESOURCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SABERT CORPORATION and SABERT HOLDING CORPORATION,<br><br>Defendants. | Case No. 07-CV-1735 (PJS/RLE)<br><br>ORDER GRANTING ATTORNEY'S FEES, COSTS, AND EXPENSES |

Edward T. Wahl, Michael M. Krauss, and Nathaniel J. Zylstra, FAEGRE & BENSON, L.L.P., for plaintiff.

James L. Baillie and Matthew T. Boos, FREDRIKSON & BYRON, P.A., for defendants.

On June 20, 2008, the Court granted the motion of plaintiff Winthrop Resources Corporation ("Winthrop") for summary judgment and, on June 23, 2008, entered judgment in Winthrop's favor in the amount of $468,127.47 against defendants Sabert Corporation and Sabert Holding Corporation (collectively "Sabert"). Docket Nos. 65, 66. The Court also ordered Winthrop to submit a detailed affidavit, with supporting documentation, setting forth its claimed attorney's fees, costs, and expenses, and granted Sabert permission to file a response no later than ten days after Winthrop submitted the affidavit. Winthrop served and filed its affidavit on June 30, 2008, and thus Sabert's response, if any, was due no later than July 15, 2008. *See* Fed. R. Civ. P. 6(a)(2). Sabert has not filed a response.

As noted in the order granting Winthrop's motion for summary judgment, the parties' lease requires Sabert to pay attorney's fees, costs, and expenses to Winthrop in the event of any legal claim or proceeding arising out of the lease. *See* Pl.'s Ex. 4 at § 18 [Docket No. 22]. Specifically, the lease permits Winthrop to recover "all costs, expenses and fees paid or payable

in connection with the Claim, including, but not limited to, attorneys' fees and out-of-pocket costs, including travel and related expenses incurred by [Winthrop] or its attorneys." *Id.*

Winthrop seeks fees, costs, and expenses in the amount of $116,861.58. The Court agrees with Winthrop that, because it is recovering fees, costs, and expenses under the extremely broad language of the lease rather than as a prevailing party under 28 U.S.C. § 1920, Winthrop is entitled to recover amounts that are not otherwise recoverable under § 1920. The Court also notes that the parties' lease does not expressly require that the fees, costs, and expenses be reasonable. Nevertheless, having reviewed the affidavit and accompanying documentation, the Court is satisfied that the requested amount is reasonable and will order Sabert to pay that amount.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff shall recover its attorney's fees, costs, and expenses in the amount of $116,861.58 from defendants.

Dated: July 21, 2008

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge